IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DARVION EARL**                                                                                 **PETITIONER**

**V.**                                       **CIVIL ACTION NO. 3:16cv636-TSL-RHW**

**STATE OF MISSISSIPPI**
**and BILLY SOLLIE**                                                           **RESPONDENTS**

## REPORT AND RECOMMENDATION

Before the Court are [1] the petition for Writ of Habeas Corpus filed August 16, 2016 by Darvion Earl, and Respondents' September 28, 2016 motion to dismiss for failure to state a claim upon which relief can be granted or for failure to exhaust state court remedies. [11] Respondents' counsel certified that a copy of the motion was mailed to Earl at his address of record, the Lauderdale County Detention Facility, yet Earl filed no response. Having reviewed the pleadings, records on file, and applicable law, the undersigned is of the opinion that Respondent's Motion to Dismiss should be granted, and Earl's petition, dismissed.

<u>Facts and Procedural History</u>

Darvion Earl is a pretrial detainee in the custody of the Lauderdale County Detention Facility in Meridian, Mississippi, where Billy Sollie is Sheriff. On January 28, 2015, the Lauderdale County Grand Jury returned an indictment in Case No. 007-15 charging Earl with felony shoplifting. Two additional indictments returned July 28, 2015, charge Earl, as a habitual offender, with four additional crimes: Armed Robbery/Robbery (Count I) and Possession of Firearm by Felon (Count II) in Case No. 313-15, and Armed Robbery/Robbery (Count I), and Possession of Firearm by Felon (Count IV) in Case 338-15. [11-1] Earl has not been convicted

of these crimes; his habeas petition challenges his detention on the charges.  Earl claims his Sixth and Fourteenth Amendment rights have been violated by denial of his right to a speedy trial since more than 270 days have passed since he was indicted.  Earl cites Miss. Code Ann. § 99-17-1 which "provides for a trial within 270 days after arraignment."  [1, p. 5.]  The relief Earl seeks in his habeas petition is "dismissal of all charges and immediate release."  [1, p. 15]

Law and Analysis

A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987).  The "purpose of the writ [filed pursuant to section 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention."  *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973).  The Court has ruled that Earl's petition will be construed pursuant to 28 U.S.C. § 2241.  [3]

There are limits to the federal habeas relief available to pretrial detainees.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973).  "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489.  A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Id.* at 493.  The United States Supreme Court distinguishes between a pretrial petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense and one who seeks only to enforce the state's obligation to promptly bring him to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-490; *Smith v. Hooey*, 393 U.S. 374

(1969)). The Fifth Circuit has held the distinction is based on the type of relief the petitioner requests. *Brown v. Estelle*, 530 F.2d at 1283. If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes;" if he is attempting to "force the state to go to trial," then he is merely seeking to require the state to fulfill its obligation to provide him a speedy trial. *Id.* While the latter is grounds for federal habeas relief, the former is not; "an attempt to dismiss an indictment or otherwise prevent a prosecution ... is normally not attainable through federal habeas corpus." *Id.; Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502, 508 (E.D. La. 1988)("a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him."). Earl requests dismissal of the charges pending in state court and immediate discharge from confinement, thus he is seeking to prevent the state court prosecution for the crimes with which he is charged. *Brown*, 530 F.2d at 1282-83. Federal habeas relief is not available for such claims.

If Earl's petition were somehow to be construed as a request to force the State of Mississippi to bring him to trial, dismissal would still be appropriate as the foregoing demonstrates he did not give the state courts a fair opportunity to address any speedy trial claim before filing this action.

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. (citations omitted)

*Dickerson*, 816 F.2d at 223. Case history reports from the Lauderdale County Circuit Court [11-2] reflect no request for speedy trial filed in any of Earl's cases before he filed this federal habeas

petition which contains no request that he be brought to trial.  Indeed, Earl believes he has no duty to request a speedy trial.  [1, p. 16]  He states, "Reliefs sought by Defendent (*sic*) in this is the only reliefs offers (*sic*) when due process and constitutional rights are violated.  Immediate release and dismissal of charges..." [1, pp. 16-17]  Earl has alleged no special circumstances warranting federal court intervention in his pending state court prosecution.  *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993) (holding exhaustion requirement may be excused only in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference").  *Dickerson* holds that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement."  *Id.,* 816 F.2d at 227.  Because Earl's speedy trial issue is one which may be resolved by trial or other procedures available to him in the state court, his federal habeas petition should be dismissed for failure to exhaust state court remedies.

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file and relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that [11] Respondent's Motion to Dismiss should be granted, and Darvion Earl's petition for federal habeas relief should be dismissed for failure to state a claim and/or for failure to exhaust state court remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2015), after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk any written objections to it.  Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge

that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Signed, this the 17th day of March, 2017.

                                         /s/ *Robert H. Walker*
                                         ROBERT H. WALKER
                                         UNITED STATES MAGISTRATE JUDGE